87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Graham S. HENRY, Plaintiff-Appellant,
v.
LAS VEGAS METROPOLITAN POLICE DEPARTMENT; Quality Towing of
Las Vegas; John Morgan; G.H. Cunningham, Commander; R.F.
Smith, Detective; Officer Steven C. # 2844; Detective
Leonard; Good, Detective Karen; Joseph Causey; Ken
Burbick; Las Vegas Auto and Truck; James Zack, Detective
W.T. Flanagan; Tom Dillard, Defendants-Appellees.
 
 No. 95-16575.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Graham S. Henry, an Arizona state prisoner, appeals the dismissal of his 42 U.S.C. § 1983 action pursuant to Heck v. Humphrey, 114 S.Ct. 2364 (1994). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the dismissal under Heck, see Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385), we affirm.
 
 
 3
 Henry's pro se complaint alleges that because defendants seized and wrongfully auctioned his property, including a truck and various tools, he was unable to offer the property as exculpatory evidence at his trial on state murder charges. The district court held that Henry's allegations "necessarily call[ ] into question Plaintiff's conviction under the holding in Brady v. Maryland, 373 U.S. 83, 87-88 (1963)." Accordingly, the court dismissed the action without prejudice because Henry did not show that his state conviction had been invalidated. See Heck, 114 S.Ct. at 2372.
 
 
 4
 To the extent Henry claims a denial of the Fourteenth Amendment right to production of exculpatory evidence, we agree with the district court that a favorable decision on Henry's claim would "necessarily imply the invalidity of his conviction," Heck, 114 S.Ct. at 2372. Therefore, the claim cannot be brought until Henry's conviction is invalidated. See id.; see also Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir.1996) (Brady claim barred by Heck ); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir.1994) (same).[1]
 
 
 5
 Aside from the claim under Brady, Henry argues his complaint alleges defendants wrongfully disposed of his property after it was seized. Even if true, however, Henry has no due process claim for a random and unauthorized act, given Nevada's adequate postdeprivation procedures. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Nev.Rev.Stat. §§ 41.031 et seq.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Henry argues that he cannot raise a claim under Brady because the evidence was not sufficiently exculpatory. We need not consider this argument because, regardless whether Brady would have required production of the material, any section 1983 claim under Brady is currently barred by Heck