IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20976
Summary Calendar
_____

ROSEMARY SMITH ET AL.,

                                        Plaintiffs,

ROSEMARY SMITH; NORMA SMITH; Individually
and as Next Friend of Amanda Smith, an Infant;
AUDREY M. SMITH; GABRIELLE M. SMITH,

                                        Plaintiffs-Appellants,

versus

HARRIS COUNTY;
TOMMY THOMAS, Harris County Sheriff,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1956
--------------------

October 6, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Appellants, the heirs of Otha Audrey Smith, appeal

the district court's grant of summary judgment in favor of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Defendants-Appellees, Harris County, Texas, and Sheriff Tommy Thomas.  We AFFIRM.

Otha Smith died in 1997 while in the custody of the Harris County Jail.  Mr. Smith had been arrested for violating his parole.  Upon being taken into custody, Mr. Smith was given a full medical examination that included testing for tuberculosis (TB).  Mr. Smith tested positive for TB.  Pursuant to prison protocol, Mr. Smith was placed on a "preventive therapy" regime.  This regime included taking the prescription drug Isoniazid (INH).  Approximately five months after beginning INH treatment Mr. Smith experienced an extreme adverse reaction to the drug.  Even though prison doctors promptly took Mr. Smith off INH, Mr. Smith's reaction to INH caused his liver to fail and eventually led to his death.

Mr. Smith's heirs filed this action under 42 U.S.C. § 1983, asserting that Sheriff Thomas and Harris County caused Mr. Smith's death by failing to detect and diagnose his toxic reaction to INH in time to save his life.  The Smiths further contend that the Defendants-Appellees' failure to adequately train and supervise Harris County Jail personnel caused Mr. Smith's death from INH toxicity.

This court reviews a grant of summary judgment de novo, using the same standard applicable in the district court. Matagorda County v. Law, 19 F.3d 215, 217 (5th Cir. 1994). Summary judgment is proper when, viewing the evidence in the

light most favorable to the nonmovant, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Amburgey v. Corhart Refractories Corp., Inc., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or mere scintillas of evidence. Id.

Because Mr. Smith was awaiting a probation revocation hearing at the time of his death, his status is that of a pretrial detainee. See Hamilton v. Lyons, 74 F.3d 99, 104-06 (5th Cir. 1996).[1] If a jail official's episodic acts or omissions violate the constitutional rights of a pretrial detainee, the official is liable to the detainee only if the official's acts or omission constitute subjective deliberate indifference. Farmer v. Brennan, 511 U.S. 825 (1994). See also

---

[1] Both parties analyze the Smiths' claims as though they arise under the Eighth Amendment. The Eighth Amendment, however, applies only to convicted prisoners. See Downey v. Denton County, 119 F.3d 381, 385 n.7 (5th Cir. 1997). Because Mr. Smith was in prison awaiting a probation revocation hearing, his status was more akin to that of a pretrial detainee. See Hamilton v. Lyons, 74 F.3d 99, 104-06 (5th Cir. 1996). Therefore, the Smiths' claims flow from the Fourteenth, rather than the Eighth, Amendment. Regardless, the governing standard for deliberate indifference remains the same for both a pretrial detainee or a post-conviction prisoner. See Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996).

3

<u>Hare v. City of Corinth</u>, 74 F.3d 633 (5th Cir. 1996). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. at 847.

The district court did not err in granting summary judgment with regard to the claims against Sheriff Thomas. The Smiths offered no evidence that Sheriff Thomas had subjective knowledge that Mr. Smith was having a reaction to the INH he was being given or that this reaction was potentially deadly. As such, the Smiths have presented no genuine issue of fact indicating that Sheriff Thomas violated Mr. Smith's constitutional rights.

Similarly, to the extent that the plaintiffs assert that Harris County is liable because its employees failed to recognize that Mr. Smith was suffering from INH toxicity, their claim is unpersuasive. It is clearly established that "[a] [county] may not be held strictly liable for the acts of its non-policy-making employees under a <u>respondeat</u> <u>superior</u> theory." <u>Colle v. Brazos County</u>, 981 F.2d 237, 244 (5th Cir. 1993). Nor may it be held liable under § 1983 for mere negligence in oversight. <u>See</u> <u>Rhyne v. Henderson County</u>, 973 F.2d 386, 392 (5th Cir. 1992). Because the guards and physicians at the Harris County Jail are "non-policy-making employees," Harris County cannot be held vicariously liable for their failure to recognize Mr. Smith's allegedly manifest symptoms of INH toxicity.

4

Equally unavailing is the plaintiffs' claim that the defendants failed to supervise adequately the personnel of the Harris County Jail. The plaintiffs have offered no competent evidence that the guards at the Harris County Jail have a history of failing to provide necessary medical attention. See Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986). In fact, the record indicates that Mr. Smith's own behavior potentially delayed a diagnosis of INH toxicity. The record shows that Mr. Smith gave inconsistent descriptions of his illness to clinic personnel, failed to give a complete medical history upon incarceration, and deliberately failed to provide a urine sample when requested.

Furthermore, the record indicates that every time Mr. Smith requested medical attention he was seen by a prison nurse. There is no evidence, other than the uncorroborated affidavits of the Plaintiffs-Appellants, that Mr. Smith did not receive medical attention when requested. Additionally, Mr. Smith did not admit to having, or begin to show, any symptoms of INH toxicity until February 4, 1997, four months after he began taking INH. The affidavits of Plaintiffs-Appellants Rosemary and Audrey Smith alleging that the jail failed to provide adequate medical treatment, standing alone, are insufficient to indicate deliberate indifference in the supervision of jail employees by Harris County Jail officials. These affidavits, therefore, fail to set forth the specific facts necessary to sustain a claim

against Harris County or Sheriff Thomas as required by Fed. R. Civ. P. 56(e).

Lastly, the plaintiffs have failed to adequately brief their contention that the policies of the Harris County Jail governing the health, welfare, and supervision of inmates are inadequate. Accordingly, this issue has been abandoned on appeal. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the foregoing reasons the district court's grant of summary judgment in favor of the Defendants-Appellees is AFFIRMED.