IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30461
Conference Calendar
_____

BEN ALAN SNIPES,

                                        Plaintiff-Appellant,

versus

CHARLES COOK, Sheriff Ouachita Parish;
TURNER, Captain, Warden Ouachita Parish Jail,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-642
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

    Ben Alan Snipes (#532325), proceeding *pro se* and *in forma pauperis* (IFP), appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint.  Snipes' request for consolidation of the instant appeal with No. 98-30737 is DENIED as moot.

    Although a pretrial detainee may not be subjected to conditions of confinement that constitute punishment, *Hamilton v.*

_____

    * Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

*Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), negligent inaction does not trigger the protections of the Due Process Clause. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Snipes did not allege or produce evidence that the appellees acted with punitive intent. Snipes' allegations do not state a constitutional violation. *See Davidson*, 474 U.S. at 348. Snipes' allegations that the appellees threatened him do not state a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (pretrial detainee)(allegations of verbal abuse and threats by prison officials do not state a claim under § 1983). Accordingly, we AFFIRM the district court's judgment on alternate grounds. *See Bickford v. Int'l Speedway*, 654 F.2d 1028, 131 (5th Cir. 1981).

Snipes now has five strikes. *See Snipes v. Cook*, No. 98-30737 (5th Cir. Sept. 3, 1999); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996)(affirmance of district court's dismissal as frivolous counts as a single strike). Except for cases involving an imminent danger of serious physical injury, Snipes is BARRED under § 1915(g) from proceeding further under 28 U.S.C. § 1915.

AFFIRMED; 28 U.S.C. § 1915(g) BAR ORDERED; MOTION TO CONSOLIDATE APPEALS DENIED.