IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60617
Summary Calendar

_____

JAMES A. STEWARD,

Plaintiff-Appellant,

versus

DOLPH BRYAN; FRANKIE LEO EDMONDS;
GENE AUTRY PERRY; E. CECIL HAMILTON;
DAVID OSWALT; GEORGE CURRY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:97-CV-118-S
--------------------
September 18, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James A. Steward, Mississippi prisoner # 84896, appeals the district court's judgment in favor of the defendants, following a bench trial, in Steward's civil rights action under 42 U.S.C. § 1983. Steward alleged that he was placed in solitary confinement and denied medical care while he was incarcerated in the Oktibbeha County Jail pending parole revocation. We review the district court's factual findings for clear error and issues of law are reviewed de novo. See Fed. R. Civ. P. 52(a); Seal v. Knorpp, 957 F.2d 1230, 1234 (5th Cir. 1992).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Steward had been arrested for probation violations and was awaiting a probation-revocation hearing at the time in question, his status was that of a detainee awaiting arraignment. Hamilton v. Lyons, 74 F.3d 99, 104-06 (5th Cir. 1996). Steward's claim is properly categorized as an "episodic act or omission" claim and should be measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in Farmer v. Brennan, 511 U.S. 825 (1994). Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Based on Sheriff Bryan's testimony, the district court found that Steward was isolated in a holding cell because he was refusing orders and refusing to take his medication. Steward was also isolated so that his medical condition could be observed closely. The district court found that the Sheriff and the head jailer were both aware of Steward's condition, monitored his blood sugar level, consulted with doctors regarding his condition, and gave him appropriate medication. The judgment of the district court in their favor based on the evidence presented at trial is not clearly erroneous and is AFFIRMED.

Steward's motion for appointment of counsel is DENIED.

**AFFIRMED; MOTION DENIED.**