IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60342
Conference Calendar

_____

STEVEN EDWARD WILLIAMS,

                                        Plaintiff-Appellant,

versus

LEON HAYES, Sheriff, Sheriff of Itawamba County;
KERMIT NEWELL, Chief Deputy/Administrator;
CHARLES JUSTICE, Investigator; JOE RESSE, Deputy,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CV-34-D-D
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Steven Edward Williams, Mississippi prisoner # R1599,
appeals the district court's judgment in favor of the defendants
in his civil rights action under 42 U.S.C. § 1983.  Williams
asserts that the district court erred by granting summary
judgment in favor of the defendants.  We review a grant of
summary judgment de novo.  Thomas v. LTV Corp., 39 F.3d 611, 615
(5th Cir. 1994); Fraire v. Arlington, 957 F.2d 1268, 1273 (5th
Cir. 1992).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Williams alleged that jail officials denied him medical care and imposed unconstitutional conditions of confinement. At all times relevant to this case, Williams was a detainee in the Itawamba County Jail. The Due Process Clause of the Fourteenth Amendment protects detainees from being subjected to conditions of confinement that constitute punishment. Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996)(citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). Williams allegations do not show that he was punished.

Williams alleged that he was subjected to an excessive use of force because guards at the jail sprayed him with mace. Excessive-use-of-force claims are analyzed to determine "whether the measure taken inflicted unnecessary and wanton pain and suffering." Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993). There is no genuine issue of material fact that this was not an appropriate measure to maintain discipline in the jail.

Williams alleged that he was denied access to the courts. Other than to make the general statement that "his case was severely compromised," Williams has made no specific allegation that his cause was prejudiced. Bounds v. Smith, 430 U.S. 817, 828 (1977); Lewis v. Casey, 518 U.S. 343, 351 (1996). The district court did not err in entering summary judgment.

Williams's request for appointment of counsel is DENIED. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED; MOTION DENIED.