**Terrence THOMAS, Plaintiff–Appellant,**

v.

**Ann PUGH, Judge; B. Weiman, Judge; J. Daley, Judge; Amy P. Weirich, Assistant Attorney General; Michael Johnson, Public Defender, Defendants–Appellees.**

No. 00–6155.

United States Court of Appeals, Sixth Circuit.

May 9, 2001.

Before JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge.*

Terrence Thomas, a Tennessee detainee proceeding pro se, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At the time he filed his complaint, Thomas was detained by Shelby County, Tennessee, on unidentified charges. He sued three Shelby County judges, an assistant district attorney, and the assistant public defender appointed to represent him. Thomas alleged that he was arrested and received a preliminary hearing on March 6, 2000, at which time he was bound over for trial. He complained that, despite his filing numerous motions and appearing in court five times, he had not yet stood trial. Thomas alleged that the defendants' actions violated his constitutional rights to a speedy indictment, speedy trial, due process, equal protection, and freedom from cruel and unusual punishment, as well as numerous state laws and court rules. He sought an order from the district court directing the state to dismiss all charges against him and award him $3.5 million in damages.

The district court summarily dismissed Thomas's complaint as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i), in an order entered on August 14, 2000. Citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the district court stated that Thomas must

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

first challenge his allegedly illegal confinement in a habeas corpus action under 28 U.S.C. § 2254 (if he has since been convicted) or 28 U.S.C. § 2241 (if still a pretrial detainee) after exhausting his available state court remedies. The district court further found that the defendant judges and prosecutor were absolutely immune from suit under § 1983 for their actions in connection with his criminal proceedings, and that the public defender was not a state actor for purposes of § 1983. Thus, there was no arguable basis in law for Thomas's lawsuit. A separate judgment dismissing the complaint was entered on August 21, 2000.

On appeal, Thomas continues to complain of pretrial delay, harassment by the state, and ineffective assistance of counsel, as well as numerous other alleged defects in his criminal proceedings raised for the first time on appeal. He moves for bail pending appeal.

■ Upon review, we affirm the district court's judgment for the reasons stated therein. This court reviews *de novo* a district court's dismissal of a complaint as frivolous under § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). A complaint may be dismissed as frivolous if the claims lack an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The district court did not err in concluding that this action lacks an arguable basis in law.

■ Thomas's complaint essentially asserts that he is being illegally confined by the state. In *Heck,* the Supreme Court ruled that a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into

question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87, 114 S.Ct. 2364. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90, 114 S.Ct. 2364; *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). More recently, in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id.* at 648, 117 S.Ct. 1584. Moreover, *Heck* applies to suits filed by pretrial detainees. *Alvarez–Machain v. United States,* 107 F.3d 696, 700–01 (9th Cir.1996); *Hamilton v. Lyons,* 74 F.3d 99, 102–03 (5th Cir.1996). Because Thomas's confinement has not been remedied by any of the procedures listed in *Heck,* the district court properly found that his claims are not cognizable under § 1983.

■ Furthermore, none of the named defendants is liable to suit for monetary damages under § 1983. "The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C.A. § 1983." *Barrett v. Harrington,* 130 F.3d 246, 254 (6th Cir. 1997) (citing *Briscoe v. LaHue,* 460 U.S. 325, 334, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)). State prosecutors are also absolutely immune from suit for money damages for "conduct 'intimately associated with the judicial phase of the criminal process.' " *Manetta v. Macomb County Enforcement Team,* 141 F.3d 270, 274 (6th Cir.1998) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). The actions Thomas complains of in his civil rights complaint are all "inti-

mately associated with the judicial phase" of his criminal proceedings. Thus, defendants Pugh, Weiman, Daley, and Weirich may not be sued for money damages under § 1983.

Finally, a suit under § 1983 requires proof of two elements: (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The Supreme Court has determined that a public defender is not a state actor for purposes of § 1983. *Polk County v. Dodson,* 454 U.S. 312, 321, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Therefore, defendant Johnson is simply not subject to suit at all under § 1983.

Accordingly, the district court's judgment, entered on August 21, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motion for bail is denied as moot.