United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-40180
Summary Calendar**

**JASON LANDON BLAKENEY,**

**Plaintiff-Appellant,**

**versus**

**RUSK COUNTY SHERIFF; JAMES STROUD; JERRY KESINGER;
JIMMI CANDY; DARYL NORRIS; RICKY ALEXANDER;
CHANEY HOWETH; UNIDENTIFIED PARTIES,**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Eastern District of Texas
(6:02-CV-241)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jason Landon Blakeney, Texas prisoner # 1093381, appeals, *pro se*, the dismissal, following a bench trial, of his civil rights action against Rusk County jail officials and unknown defendants for claimed violations of his constitutional rights while he was a pre-trial detainee. Blakeney bases error on the finding that his being placed in a restraint chair from 1:00 p.m. on 24 July 2001 until approximately 9:00 a.m. the next day (20 hours), was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

punishment.  He also contends that being denied food, water, access to a toilet, and exercise while in the restraint chair was deliberate indifference.  Blakeney has waived the other claims he raised in his complaint.  *See* **Cinel v. Connick**, 15 F.3d 1338, 1345 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994).  (Blakeney's motion for appointment of counsel is **DENIED**.)

Blakeney's first claim — due process right not to be punished violated by being placed in restraint chair — is premised on the rule that pre-trial detainees cannot be subjected to punishment. **Bell v. Wolfish**, 441 U.S. 520 (1979).  "[U]nder **Bell**, a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose".  **Hare v. City of Corinth**, 74 F.3d 633, 640 (5th Cir. 1996) (en banc). The **Bell** test applies "when a pretrial detainee attacks general conditions, practices, rules, or restrictions of pretrial confinement".  *Id.* at 643.

Blakeney's second claim involves a standard of deliberate indifference.  When a claim is based on the "episodic acts or omissions" of jail officials, the standard of subjective deliberate indifference is applicable.  *See **id**.* at 643, 650.  Blakeney contends that not providing him with food, water, toilet-access, and exercise while he was in the chair was such an episodic act.

Regardless whether Blakeney's 20-hour confinement in the restraint chair was a condition of confinement or an episodic act,

2

Blakeney has not shown reversible error. Facts found through a bench trial are reviewed only for clear error. ***Williams v. Kaufman County***, 352 F.3d 994, 1001 (5th Cir. 2003).

With respect to the claim under the ***Bell***-standard, the court found:

> In the present case, Rusk County jail officials were confronted with an unruly and dangerous pretrial detainee who was creating havoc in the jail. He was placed in the restrictive chair after he disobeyed orders and engaged in destructive practices, such as starting fires, knocking holes in the wall and pulling pipes out of the wall.... With respect to the incident on July 24, 2001, the Plaintiff was again engaging in misconduct and destructive behavior, which included setting fires and flooding his cell. A tactical team was again sent into the cell, and the plaintiff was strapped to the restraint chair.... It is clear that Lt. Kesinger was using the restraint chair and other restrictions as a means of controlling a particularly unruly and destructive detainee.

Based on this, the court did not err in holding that the restraint chair had not been used for punishment. Because the challenged condition or restriction — the restraint chair — was reasonably related to a legitimate governmental objective — to stop Blakeney's destructive behavior — the court did not err in not inferring a punitive purpose. *See **Bell***, 441 U.S. at 539. There was no violation of his rights as a pre-trial detainee under ***Bell***. *See **Hamilton v. Lyons***, 74 F.3d 99, 104 (5th Cir. 1996).

Concerning Blakeney's contention that keeping him in the restraining chair without providing him food, water, toilet-access,

3

or exercise, amounted to actionable subjective deliberate indifference, the court found that defendants "acted with the proper intent of endeavoring to stop the Plaintiff from engaging in extreme misconduct in a nonpunitive manner" and they "did not act with deliberate indifference". As discussed below, these findings were not clearly erroneous.

Regarding Blakeney's not-fed claim, Lieutenant Kesinger testified that he did not order that Blakeney not be fed; and Sergeant Dickerson testified that an inmate will be given a meal in the restraint chair if it is meal time and the inmate allows it. The jail log indicates that Blakeney actively resisted being in the chair through 10:00 p.m. on 24 July, then slept much of the night, and was fed breakfast at 6:10 a.m.

Regarding Blakeney's no-water claim, Sergeant Dickerson testified that an inmate will be given water while in the restraint chair if the inmate will accept it; that she did not offer Blakeney any because he slept most of the night; but that she gave him juice in the morning. Lieutenant Kesinger testified that an inmate in the restraint chair who requests water will be given water; and that he never left instructions that Blakeney not be given water. Blakeney offered no evidence that he had requested water while in the restraint chair.

Regarding Blakeney's no-toilet claim, the log does not show that Blakeney was allowed to use it; but Lieutenant Kesinger

4

testified that, had Blakeney requested to do so, an evaluation would have been made to determine whether it was appropriate to allow that.  Blakeney did not demonstrate that he ever asked to do so.

Finally, regarding Blakeney's no-exercise claim, Lieutenant Kesinger testified that he had consulted with a doctor and had been told that restraint chair use should not exceed 24 hours. Blakeney's restraint did not exceed this, and he has not shown that Lieutenant Kesinger was deliberately indifferent.

*MOTION DENIED; AFFIRMED*