# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2016

Lyle W. Cayce
Clerk

TERRY DAVIS, JR.,

Plaintiff-Appellant

v.

CLERK OF COURT ACADIA PARISH,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CV-3166

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Terry Davis, Jr., Louisiana prisoner # 345635, filed a civil rights complaint under 42 U.S.C. § 1983 in which he asserted that he had a right to inspect state court files pertaining to his conviction. Davis's district court submissions indicated that he is serving a 10-year sentence based on his guilty plea to a charge of aggravated burglary, but he maintained that his plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30303

agreement called for him to serve only seven years of imprisonment. The district court dismissed the complaint as frivolous.

On appeal, Davis challenges the sentence imposed on his aggravated burglary conviction. He again asserts that he pleaded guilty pursuant to an agreement that called for him to receive a seven-year sentence of imprisonment. He claims that his trial counsel was ineffective with respect to the plea bargain. Davis requests (1) a release from prison and (2) the award of monetary damages of $100 per day because he is allegedly serving more time than he agreed to serve.

A § 1983 suit may not be used to challenge the fact or duration of confinement; such a claim is cognizable only in habeas, because only a habeas action may be used to secure accelerated or immediate release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In view of the foregoing, to the extent that Davis's complaint challenged his conviction or sought an accelerated release from prison, his claim is not cognizable in a civil rights action and was properly dismissed. *See id.* Further, as Davis has not alleged that his conviction or sentence has been invalidated, his claim for monetary damages is frivolous. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Davis's complaint asserted that he had the right to inspect files relating to his arrest, prosecution and conviction. However, on appeal Davis makes only a brief, one-sentence reference to this claim. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993). Davis's fleeting mention of the claim, without identifying any error in the district court's analysis, constitutes a failure to brief, and thus the claim is

considered abandoned.  *See Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Davis's appeal is DISMISSED AS FRIVOLOUS.  The district court's dismissal of the action and the dismissal of the instant appeal as frivolous count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Davis is WARNED that if he accumulates three strikes under § 1915(g) he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).