# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2018

Lyle W. Cayce
Clerk

ROBERT ALLEN CLARK, JR.,

Plaintiff-Appellant

versus

CITY OF SAN ANTONIO; CATHERINE E. CAGNON, Police Officer of the San Antonio Police Department; SAN ANTONIO POLICE DEPARTMENT,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-797

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Allen Clark, Jr., moves to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Clark's complaint arose from his arrest and prosecution for violating San Antonio's vending ordinance. By moving to proceed IFP in this court, Clark challenges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50003

the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Clark has not raised a legal issue arguable on the merits. The district court based its dismissal in part on the rule that a plaintiff in a civil rights action may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A civil rights claim that is barred by this rule is legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996). In his motion, Clark asserts that *Heck* does not apply because he is not a prisoner and because his conviction was void. He contends that his conviction was void because the state trial court judge was under a "motion for recusal." Clark does not cite any legal authority suggesting that *Heck* only applies to prisoners and that a motion for recusal voids a conviction.

In addition, Clark argues that the district court judge and magistrate judge should have recused themselves due to bias. However, Clark's conclusory arguments for recusal fail to show that the magistrate judge and district court judge had actual personal biases or were prejudiced against him. *See* 28 U.S.C. §§ 144, 455(a), (b)(1); *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Further, Clark claims that the court prevented him from conducting discovery and argues that the district court erred by not allowing him to amend his complaint. While a district court generally must not dismiss a pro se litigant's complaint for failure to state a claim unless it has given the litigant

No. 17-50003

an opportunity to develop the facts and amend his complaint to remedy the deficiencies, Clark fails to demonstrate that the district court abused its discretion by denying his motion to amend his complaint and request to conduct discovery. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991); *cf. Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).

Thus, Clark fails to raise any legal issues arguable on their merits. Accordingly, his motion for leave to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.