# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20718
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2018

Lyle W. Cayce
Clerk

GARY LEE MOUNT,

Plaintiff-Appellant

v.

JOHN WAKEFIELD; KATHERINE CABANISS; COURT OF CRIMINAL APPEALS; THEODORE HAYNES, JR.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2987

Before DENNIS, CLEMENT, and OWEN, Circuit Judges

PER CURIAM:[*]

Gary Lee Mount, Texas prisoner # 1969963, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. Mount alleged that the defendants violated his Sixth Amendment rights to a speedy trial and the effective assistance of counsel, as well as his Fourteenth Amendment rights to procedural and substantive due process. The district court granted Mount's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to proceed in forma pauperis (IFP) and, pursuant to 28 U.S.C. § 1915A(b)(1), dismissed his § 1983 complaint as frivolous because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Despite § 1983's broad language, Mount's speedy trial, ineffective assistance of counsel, and due process claims "lie within the core of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (internal quotation marks and citation omitted). Further, regardless of the relief sought, success on these claims would necessarily imply the unlawfulness of Mount's aggravated kidnapping and aggravated sexual assault convictions. *See id.* at 81-82; *cf. Skinner v. Switzer*, 562 U.S. 521, 525 (2011). Because Mount failed to allege or demonstrate that his convictions have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Heck*, 512 U.S. at 487, his claims were not cognizable under § 1983, and the district court did not err in dismissing his complaint as frivolous, *see Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Accordingly, the district court's judgment is affirmed. Mount's motion for the appointment of counsel on appeal is denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

For the first time on appeal, Mount contends that: (1) appellate counsel was ineffective in failing to raise the speedy trial issue on direct appeal; (2) his convictions for aggravated kidnapping and aggravated sexual assault violated his right against double jeopardy because they rested on the same factual predicate; (3) trial and appellate counsel were ineffective in failing to object to and challenge the double jeopardy violation; (4) the use of his prior burglary of a habitation conviction for enhancement purposes was improper; (5) the trial court erred in allowing the State to impeach him based on a prior conviction

No. 17-20718

that was more than ten years old; and (6) trial counsel was ineffective in failing to afford him an opportunity to consider the State's plea bargain offer. These claims will not be considered. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

The district court's dismissal of Mount's § 1983 complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g). Because he has accumulated at least one strike, Mount is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.