# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10078
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

BILLY JOHN ROBERSON,

     Plaintiff - Appellant

v.

ROWLETT POLICE DEPARTMENT; WILLIAM M. BRODAX, Chief of Police,

     Defendants - Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2535

---

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Billy John Roberson, proceeding pro se and in forma pauperis, filed a 42 U.S.C. § 1983 complaint against the City of Rowlett, Texas, the Rowlett Police Department, and Police Chief William M. Brodax for violating his constitutional rights. Roberson asserts that he was wrongfully charged, arrested, and convicted of aggravated assault with a deadly weapon. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10078

district court dismissed Roberson's complaint for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B).  Because Roberson's appeal is frivolous, we DISMISS this appeal.

In 2005, Roberson was convicted by a jury in Texas state court of aggravated assault with a deadly weapon.  He was sentenced to six years in prison and fined $5,000.  His conviction and sentence were affirmed on direct appeal.  *Roberson v. State*, No. 05-05-00629-CR, 2006 WL 147397 (Tex. App. – Dallas, Jan. 20, 2006, pet. dismissed).[1]  In his § 1983 complaint, Roberson asserts that he was wrongfully charged, arrested, and convicted, in violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments.  Specifically, he contends that there was no evidence of a weapon and no medical evidence of harm to the alleged victim.  Roberson seeks reversal of his conviction and monetary damages for the alleged constitutional violations.

The district court determined that Roberson's claim requesting reversal of his conviction was not cognizable under § 1983 because the claim sought habeas relief, which Roberson had previously been denied under 28 U.S.C. § 2254.  It therefore dismissed the claim pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  The district court further determined that because Roberson's claim for monetary damages pursuant to § 1983 clearly challenged the validity of his state court conviction, the claim was barred under the principles set forth in *Heck v. Humphrey*.[2]  Relying on our precedent, it dismissed the claim as frivolous under § 1915(e)(2)(B)(i).

In *Heck*, the Supreme Court held:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harmed caused by actions

---

[1] Roberson has completed his term of imprisonment.

[2] 512 U.S. 477 (1994).

No. 19-10078

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

As noted by the district court, we have held that "[a] § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."[3]

On appeal, Roberson asserts that the district court "miss[ed] the point." He contends that his case is not frivolous because the evidence was insufficient to support the jury's guilty verdict. He further argues that the State never responded to his complaint and that it should be held in contempt for its failure to do so. However, Roberson does not challenge the bases for the district court's dismissal of his complaint. In particular, he does not argue that the rule set forth in *Heck* is inapplicable to his complaint.

Pro se briefs are afforded liberal construction.[4] Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.[5] Because Roberson has failed to challenge any legal aspect of the district court's disposition of the claims raised in his § 1983 complaint, he has abandoned the critical issues of this appeal. Roberson's appeal is without arguable merit and is dismissed as frivolous.[6]

APPEAL DISMISSED.

---

[3] *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

[4] *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

[5] *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[6] *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.