United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40090
Conference Calendar

_____

AMOS FENNELL,

                                    Plaintiff-Appellant,

versus

DISTRICT ATTORNEY KIRK SISTRUNK; JUDGE ROY QUINTANILLA;
JUDGE SCHWEITZER,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CV-549
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Amos Fennell, Texas prisoner # 146234, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint for failure

to state a claim and as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  We review a dismissal for failure to state a

claim de novo and we review a dismissal as frivolous for abuse of

discretion.  Morin v. Moore, 309 F.3d 316, 319 (5th Cir. 2002);

Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

    Fennell's claims concern the defendants' alleged actions in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtaining an assault conviction against him.  He argues that District Attorney Kirk Sistrunk improperly put him on trial before Judge Roy Quintanilla on an assault charge brought by his ex-girlfriend that had previously been dismissed by Judge Schweitzer.

Fennel does not address the district court's determination that Sistrunk is entitled to absolute immunity.  See Beck v. Texas State Bd. of Dental Examiners, 204 F.3d 629, 637 (5th Cir. 2000).  He has therefore waived the issue.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Because Judge Quintanilla and Judge Schweitzer are also entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions, Fennell has not shown that the district court erred in dismissing his claims against these defendants.  See Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).  Additionally, because Fennell's claims necessarily imply the invalidity of his assault conviction, which has not been set aside, they are not cognizable under 42 U.S.C. § 1983 and are frivolous.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

Fennell's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  See 5th Cir. R. 42.2.  The district court's dismissal of Fennell's § 1983 lawsuit and this court's dismissal of this appeal count as

two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Fennell is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.