United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40978
Conference Calendar

_____

JOE VIDALES,

                                    Plaintiff-Appellant,

versus

GREGORY W. ABBOTT, Texas Attorney General; DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION; MICHAEL P. MONDVILLE, TDCJ - Office of the General
Counsel,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-40
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Joe Vidales, Texas prisoner # 677120, appeals the district

court's dismissal as frivolous of his 42 U.S.C. § 1983 suit in

which he alleged that his conviction and sentence were unlawful.

A district court shall dismiss a case if it determines that the

case is frivolous or fails to state a claim upon which relief can

be granted.  28 U.S.C. § 1915(e)(2)(B).  This court reviews the

dismissal of a prisoner's complaint as frivolous for an abuse

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of discretion.  Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998).

   With the benefit of liberal construction, Vidales argues that his complaint should not have been dismissed under Heck v. Humphrey, 512 U.S. 477 (1994).  He has not shown, however, that his claims would not necessarily imply the invalidity of his conviction.  Therefore, the district court did not err.  See Heck, 512 U.S. at 486-87; Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

   Vidales's appeal is without arguable merit and is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of Vidales's complaint as frivolous and the dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We previously dismissed one of Vidales's appeals as frivolous in which the district court had also dismissed the complaint as frivolous.  See Vidales v. Lantern Square Apartments, No. 96-20201 (5th Cir. June 25, 1996)(unpublished). As Vidales has accumulated at least four strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

   APPEAL DISMISSED; 28 U.S.C. § 1915(g) SANCTION IMPOSED; ALL OUTSTANDING MOTIONS DENIED.