# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10584

ANSON CHI,

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2017

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

JOHN DOE #1, et al.,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4836

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anson Chi, Texas prisoner # 312275, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's dismissal of his motions in limine; for relief under Federal Rule of Civil Procedure 60(b); for leave to file a 42 U.S.C. § 1983 supplemental complaint; for reconsideration of the denial of leave to amend his § 1983 complaint; to recuse; for a televised trial; and to change the filing dates of his motions. Chi filed these motions after the district court dismissed his § 1983 complaint as frivolous. His IFP motion is a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Chi's § 1983 complaint alleged a wide conspiracy among diverse defendants to kill him by lethal injection, using a remote device, as he recovered from injuries sustained by a bomb. The district court dismissed Chi's complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as frivolous. We agree that Chi has not shown that he will present a nonfrivolous issue on appeal with respect to the motions he filed following the dismissal of his complaint. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we deny his motion for leave to proceed IFP and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Our dismissal of Chi's appeal from the denial of the motions he filed following the dismissal of his § 1983 complaint counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Chi also received two strikes when the district court dismissed his § 1983 complaint as frivolous and we dismissed his appeal from the dismissal of his § 1983 complaint as frivolous. Because he has accumulated at least three strikes under § 1915(g), Chi is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.