# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41637
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2017

Lyle W. Cayce
Clerk

ANSON CHI,

Plaintiff-Appellant

v.

ANDREW STOVER, Assistant United States Attorney; GLENN ROQUE-JACKSON, Assistant United States Attorney; JOHN M. BALES, United States Attorney; GARLAND DON CARDWELL, Standby Counsel; RICHARD A. SCHELL, Judge; JAMES DANIEL WOFFORD; THOMAS SPARKS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-317

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Anson Chi, federal prisoner # 44588-177, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the United States district judge, the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41637

States Attorney, two Assistant United States Attorneys, federal agents, and standby counsel in his criminal proceedings conspired to use false evidence against him to obtain his unconstitutional guilty plea. The district court dismissed Chi's complaint under 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim after concluding that Chi's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Our review of the dismissal is de novo. *Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010). Success on Chi's present claims would clearly "render [his] conviction [and] sentence invalid." *Heck*, 512 U.S. at 486. As Chi's criminal appeal is pending before this court, he has failed to make the requisite showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Thus, his complaint is legally frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). The district court's judgment is AFFIRMED.

We previously imposed the 28 U.S.C. § 1915(g) bar against Chi because he had accumulated three strikes. *Chi v. Doe*, 690 F. App'x 293, 294 (5th Cir. 2017). Chi is REMINDED that he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).