# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20775

United States Court of Appeals
Fifth Circuit

**FILED**
October 5, 2017

Lyle W. Cayce
Clerk

DAVID FRANKLIN WEST,

Plaintiff-Appellant

v.

T. BORNUNDA; R. POOL; WARDEN COOK,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2591

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Franklin West, Texas prisoner # 2051612, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint. West filed a complaint alleging that the defendants violated his constitutional right of access to the courts by confiscating several publications that West intended to use in ongoing litigation. West appears to be asserting that he is a sovereign citizen over whom Texas courts have no authority and that the confiscated publications

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support his argument. After obtaining a more definite statement of West's claims, the district court dismissed the complaint as frivolous. The court denied West's motion to proceed IFP on appeal.

The instant motion is a challenge to the district court's certification that West's appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). In issuing its certification decision, the district court referred to its dismissal of West's complaint as frivolous under 28 U.S.C. § 1915A. It was implicit in this order that West's appeal would be frivolous for the same reasons stated in the district court's order of dismissal.

To support a claim of unconstitutional deprivation of access to the courts a plaintiff must show "that a nonfrivolous legal claim has been frustrated or is being impeded." *Driggers v. Cruz*, 740 F.3d 333, 337 (5th Cir. 2014) (quoting *Lewis v. Casey*, 518 U.S. 343, 354 (1996)) (cleaned up). West has raised no coherent argument, in either the district court or this court, demonstrating defendants impeded or frustrated his ability to file a nonfrivolous legal claim. *See id.* Further, although he conclusionally states that the defendants have violated his First Amendment right to free speech, West fails to challenge the district court's basis for determining that any such claim lacked merit. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because "it is apparent that an appeal would be meritless," *Baugh*, 117 F.3d at 202 n.24, West's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous, *see id.*; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint as frivolous and the dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). West is WARNED that if he accumulates three strikes under § 1915(g), he will

not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.