# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10654
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2018

Lyle W. Cayce
Clerk

DAVID FRANKLIN WEST,

Plaintiff-Appellant

v.

RON ENNS, 69th District Judge; DAVID GREEN, District Attorney; LARRY FADLER, Assistant District Attorney; BRUCE SCOTT, Dallam County Sheriff; TERRY BANKS, Dallam County Clerk; DIANE GUFFY, Dallam County Jail Administrator; TIM SALLEY, Public Defender,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CV-118

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Franklin West, Texas prisoner # 2051612, proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal of his civil rights complaint. He also has filed motions for leave to file an addendum to his brief in the form of an appendix, for leave to amend his brief, and for leave to file a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supplemental brief.  These motions are GRANTED, but the district court's judgment dismissing West's complaint is nevertheless AFFIRMED for the following reasons.

The magistrate judge (MJ) cited 28 U.S.C. §§ 1915A and 1915(e)(2) as authority for dismissing West's claims against the defendants, and the district court adopted the MJ's recommendation and expressly dismissed West's "Claim of Lien" and civil lawsuit with prejudice as frivolous and malicious.  On appeal, West does not challenge a condition of his confinement but instead challenges his state court convictions and asserts that the filing of commercial liens against the defendants is a valid remedy for the wrong he alleges he has suffered as a result of his wrongful conviction.  However, West does not assert, nor is there any indication in the record, that his convictions have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Thus, his claims, including his "claim of lien" against the defendants, are not cognizable in a 42 U.S.C. § 1983 action. *See id*. at 487.  Further, because the claims are barred by *Heck*, they are legally frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996).

In light of this, and because West has failed to present any coherent argument showing that he would otherwise be entitled to relief under § 1983 or any other statutory provision, the district court did not err in dismissing West's IFP complaint. *See* § 1915(e)(2)(B)(i).

West previously received two strikes under 28 U.S.C. § 1915(g). *West v. Bornunda*, 698 F. App'x 224 (5th Cir. 2017) (unpublished).  Because the district court's dismissal of the instant civil action as frivolous and malicious counts as a strike under § 1915(g), *see Coleman v. Tollefson*, 135 S. Ct. 1759,

No. 17-10654

1762 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir 1996), West now has three strikes. Thus, West is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g); *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

AFFIRMED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.