# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2021

Lyle W. Cayce
Clerk

No. 19-30922

Jarvis Brown,

*Plaintiff—Appellant*,

*versus*

Orleans Parish Sheriff Office; Marlin N. Gusman, *Sheriff*; Orleans Parish District Attorney's Office; Leon A. Cannizzaro, Jr., *District Attorney*; New Orleans Police Department; Ronald Serpas, *New Orleans Police Department Chief*; H. Cantrell, *Orleans Parish Criminal Court Magistrate Judge*; et al.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-12432

Before Jones, Costa, and Wilson, *Circuit Judges*.

Per Curiam:*

Jarvis Brown, Louisiana prisoner # 710737, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissal of his pro se 42 U.S.C. § 1983 complaint as frivolous. By moving to proceed IFP in this court, Brown challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

With the benefit of liberal construction, Brown's arguments that he is financially eligible, that he is illegally imprisoned, and that he is being denied access to the courts in this appeal fail to demonstrate a nonfrivolous issue for appeal with respect to the district court's dismissal of his complaint and denial of injunctive relief pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). He has abandoned any claims raised in objections to the report and recommendations. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, Brown has failed to show that his appeal involves any arguably meritorious issues. *See Howard*, 707 F.2d at 220-21. His IFP motion is therefore DENIED and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This dismissal and the dismissal of Brown's complaint in the district court count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Brown is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).