FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

April 1, 2026

Christopher M. Wolpert
Clerk of Court

_____

DERRICK DEWAYNE PARKER,

Plaintiff - Appellant,

v.

JUDGE PERRY HUDSON;
BENJAMIN HARTMAN; TIARA
MCMINN; PHILLIP MARTIN;
ELIAS RIVERA; TANNER
FERRELL; JUSTIN HATCHER;
TYLER HEAD; JERMAINE
MCCULLUM; CHARLES
MCMACKIN; AARON WESLEY
HARMON; SAMATHA
PATTERSON; JOI MISKEL;
KATHRINE SAVAGE; ADA N.
PILCHER; HAYDEN BARNES;
RONNIE WAUGH; BRADON CASH;
ROBERT CONGILIONE,

Defendants - Appellees.

No. 25-6114
(D.C. No. 5:24-CV-00743-J)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT*

_____

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Federal Rule of Appellate Procedure 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.

_____

Derrick Dewayne Parker filed the underlying pro se action as a pretrial detainee, claiming judges, prosecutors, law enforcement officers, and his attorneys involved in his state criminal prosecutions violated his Fourth and Sixth Amendment rights. The district court dismissed the action under 28 U.S.C. § 1915A, ruling most of the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and judicial and prosecutorial immunity, while the rest of his allegations failed to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Parker was prosecuted in two Oklahoma cases, CF-2023-610 and CF-2023-2301. The charges in CF-2023-610 were dismissed, and he pled guilty to trafficking fentanyl in CF-2023-2301. In his operative complaint, Parker alleged the defendants associated with CF-2023-610 provided false information in a search warrant, prevented him from confronting his accusers, and denied him a speedy trial, violating his Fourth and Sixth Amendment rights.[1] He alleged the defendants associated with CF-2023-

---

[1] The defendants associated with CF-2023-610 are Judges Kathrine Savage and Perry Hudson; Officers Elias Rivera, Jermaine McMullum, Aaron Wesley Harmon, Charles McMackin, Robert Conigilione; and District Attorneys Benjamin Hartman, Tiara McMinn, and Ada N. Pilcher.

2

2301 violated his Fourth and Sixth Amendment rights by providing false information to secure his arrest, failing to issue search or arrest warrants, preventing him from confronting his accusers, and denying him a speedy trial.[2]

The district court dismissed the action *sua sponte* under 28 U.S.C. § 1915A, ruling: 1) the claims challenging Parker's prosecution and conviction in CF-2023-2301 were barred by *Heck* because his conviction had not been overturned; 2) the claims against the judges and prosecutors were barred by absolute judicial and prosecutorial immunity; and 3) his allegations against the defendants associated with CF-2023-601 failed to state a claim.

## II

We review de novo the district court's dismissal under § 1915A for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). We also review de novo its dismissal under *Heck*, *see Graff v. Aberdeen Enterprizes, II, Inc.* 65 F.4th 500, 521 (10th Cir. 2023), and its application of both judicial immunity, *Crowe & Dunlevy, P.C. v. Stidham*,

---

[2] The defendants associated with CF-2023-2301 are Judges Kathrine Savage and Perry Hudson; Officers Tyler Head, Justin Hatcher, Hayden Barnes, Ronnie Waugh, Brandon Cash, Phillip Martin, and Tanner Ferrell; District Attorneys Benjamin Hartman, Tiara McMinn, and Ada N. Pilcher; Parker's private attorney, Joi Miskel; and his public defender, Samantha Patterson.

640 F.3d 1140, 1153 (10th Cir. 2011), and prosecutorial immunity, *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994).

We afford Parker's pro se materials a liberal construction, but we do not advocate on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Neither do we generally consider new arguments or theories raised for the first time on appeal, *Little v. Budd Co.*, 955 F.3d 816, 821 (10th Cir. 2020), or arguments that do not address the basis for the district court's dismissal, *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015). Inadequately presented arguments are waived. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Parker first contends the district court incorrectly applied *Heck*, which bars a plaintiff from bringing "a civil rights claim for damages under [42 U.S.C.] § 1983 based on actions whose unlawfulness would render an existing criminal conviction invalid," *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015). Parker's claims challenging his conviction in CF-2023-2301 are barred under *Heck* because his conviction for trafficking in fentanyl has not been overturned. Although Parker says *Heck* is inapplicable because he was a pretrial detainee, he cites no authority for this argument, which is inconsistent with our case law. *See Hooks v. Atoki*, 983 F.3d 1193, 1201, 1203 (10th Cir. 2020) (applying *Heck* to pretrial

4

detainee's excessive force claims, which "would take aim at the heart of his criminal plea"); *see also, e.g.*, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1041, 1049 (9th Cir. 2002) (pretrial detainee's Sixth Amendment claim barred by *Heck*); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996) (pretrial detainee's Fifth Amendment claim barred by *Heck*). This argument fails.

Parker also contends that, as a pretrial detainee, he was entitled to different procedural protections than convicted prisoners. But he fails to develop this argument or explain how it relates to the district court's dismissal. We therefore do not consider it. *See Nixon*, 784 F.3d at 1369; *Bronson*, 500 F.3d at 1104.

Last, Parker raises an entirely new argument, or at least a new theory, that the prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to turn over exculpatory evidence. *See* Aplt. Br. at 9-12. But Parker raised a different argument in the district court, claiming – not that the prosecution violated *Brady* by failing to disclose evidence – but rather that the prosecution violated his speedy trial rights by failing to timely disclose evidence. *See* R. at 87 ("[Defendant] District Attorney Ada N. Pilcher denied Plaintiff [the] right to [a] fast and speedy trial when [she] failed to provide[] disclosure of evidence . . . ." (capitalization omitted)). The district court rejected that argument on prosecutorial immunity grounds,

5

*id.* at 182, and Parker does not challenge that ruling on appeal.[3] Because Parker failed to raise his *Brady* claim in the district court, we decline to consider it now for the first time on appeal. *See Little*, 955 F.3d at 821.

### III

The district court's judgment is affirmed. Parker's motion to proceed on appeal without prepayment of costs and fees (Dkt. No. 7) is granted.

Entered for the Court

Richard E.N. Federico
Circuit Judge

---

[3] Neither does Parker challenge the district court's judicial immunity rulings, or its conclusion that he failed to state a claim by alleging the defendants associated with CF-2023-601 provided false information in the search warrant and prevented him from confronting his accusers. These issues are waived. *See Bronson*, 500 F.3d at 1104.